UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN GARCIA (4),<br><br>    Defendant. | Case No.: 17CR2201-CAB<br><br>Order Denying Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)<br>[Doc. No. 62] |
|---|---|

Before the Court is defendant Juan Garcia's motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 221.] The government filed an opposition to the motion. [Doc. No. 225.] The Court finds the motion suitable for determination on the papers. For the reasons set forth below the motion is Denied.

I. Procedural Background

On January 22, 2021, the defendant filed a motion requesting reduction in sentence to time served. A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

On October 21, 2020, the defendant submitted a request to the warden for compassionate release based on his fear of contracting the COVID-19 virus while in custody. Defendant's request was reviewed and denied on October 28, 2020. [Doc. No.

221, at 20.[1]]  Although there is no record that the defendant appealed the denial, over 30 days have expired since the defendant submitted his request to the warden, therefore Court finds the defendant has exhausted administrative remedies and the Court may consider his motion on the merits.  As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction.  *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 452 F.Supp.3d 964, 969 (D. Or. 2020).

II.  Case Background

On March 11, 2019, the defendant entered a guilty plea to one count of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1). [Doc. No. 206.]  The defendant was arrested in connection with a drug trafficking investigation.  Garcia admitted he was involved in the distribution of methamphetamine after it entered the United States from Mexico and was arrested with 3.08 kilograms of methamphetamine (actual) in his possession.  [Id., at 3-4.]  The offense was subject to a mandatory minimum 60-month sentence. [Id., at 5.]

The defendant has two prior convictions for illegal entry in 1989 and alien smuggling in 2006 for which he received a 22-month custodial sentence. [Doc. No. 208, at 8-9.]   Despites losing his legal permanent residence status following the 2006 conviction [id., at 10], defendant was residing and working in the United States without authorization at the time of arrest in the instant offense.  He is subject to deportation at the completion of his sentence. [Id., at 2; Doc. No. 221, at 24 (Immigration Detainer).]

The defendant's guideline calculations resulted in a sentencing range of 151 to 188 months and he was not eligible for relief from a mandatory minimum custodial sentence. [Doc. No. 208, at 15.]  The government recommended a variance below the guidelines to a 72-month custodial sentence followed by five years of supervised release.  [Doc. No.

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

217.]  Defendant requested a custodial sentence at the mandatory minimum, 60 months. [Doc. No. 214.]

On September 6, 2019, the court sentenced the defendant to the 60 months in the custody of the Bureau of Prisons (BOP), followed by a four-year term of supervised release. [Doc. Nos. 25, 26.] The court sentenced the defendant to the mandatory minimum, finding it an appropriate sentence after considering all the §3553(a) factors, and the fact the defendant is subject to deportation at the completion of his sentence. The sentence was sufficient but not greater than necessary to provide adequate punishment, deterrence and protection for the public.  [Doc. No. 25.] At this time, defendant has completed approximately 70 percent of his term of incarceration in this case and is scheduled for release on October 23, 2021.  [Doc. No. 225, at 3.]

III.  Compassionate Release Considerations

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c).  However, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds (1) that "extraordinary and compelling reasons" justify the reduction; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement.  See USSG §1B1.13.  He does not have a terminal illness. *Id*., cmt. n. 1(A)(i). He is not suffering from (1) a serious physical or medical condition, (2) serious functional or cognitive impairment, or (3) deteriorating physical or mental health because of the aging process, that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.* cmt. n.1 (A)(ii). The defendant is 54 years old and has no health issues. [Doc. No. 208, at 3, 11; Doc No. 221, at 9-10.]

The defendant argues that USSG §1B1.13, cmt. n. 1 (D), which provides the court may find an extraordinary and compelling reason to reduce a defendant's sentence other than those described in subdivisions discussed *supra*, applies in his circumstances.

The defendant contends his circumstances are extraordinary and compelling for a sentence reduction because (1) he is a non-violent offender serving his first prison sentence;[2] (2) he is not a threat to the public; (3) he takes responsibility for his offense and has been an exemplary inmate; and (4) there is a heighten threat of contracting the COVID-19 virus in the prison environment.

The defendant's circumstances do not rise to the level of being extraordinary and compelling. The defendant's record of rehabilitation alone is not a basis for finding his circumstances extraordinary. *See* 28 U.S.C. § 994(t); USSG §1B1.13, cmt. No. 3. The existence of the COVID-19 pandemic and generalized concerns about contracting the virus do not create extraordinary and compelling circumstance for the Court to modify the defendant's sentence.

IV. Conclusion

The court finds that the defendant has not established that his circumstances meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The defendant does not qualify for a reduction in his sentence.

Defendant's Motion is **DENIED**.

IT IS SO ORDERED.

Dated: February 10, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] This is a false statement. The defendant served two prior sentences in federal custody.